UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

AMANALLAH ESMAILZADEH,

Plaintiff,

v.

KARIM ESMAILZADEH,

Defendant.

Civil No. 00-23 (RHK/JMM)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he seeks leave to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied and the action will be dismissed if the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).[1]

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26,

FILED JAN 24 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

The Complaint in this case is a rambling, (barely comprehensible), narrative of events that have occurred over the course of Plaintiff's lifetime. As far as the Court can discern, Plaintiff is attempting to sue his father for allegedly misappropriating an inheritance that Plaintiff was supposed to have received from his mother. Plaintiff seems to be claiming that his father, the only named Defendant in this action, somehow fraudulently induced an Iranian probate court to award the inheritance to him (Defendant), rather than to Plaintiff.

It appears that Plaintiff is a citizen of Iran and currently resides there. It further appears that he spent some time in the State of Minnesota several years ago, but was deported back to Iran after being convicted of a state criminal offense.[2] The Complaint itself does not indicate where Defendant is currently located, but the civil cover sheet that accompanied the Complaint indicates that Defendant has a post office box in Rochester, Minnesota.

It is abundantly clear that, even with the benefit of liberal construction, (see Atkinson 91 F.3d at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per

---

1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

With the enactment of § 1915(e)(2)(B)(ii), it is no longer necessary for the Court to determine whether the instant complaint is "frivolous." Nevertheless, the Court notes that even under that old standard the instant complaint would be dismissed, as plaintiff has not made "any rational argument in law or fact entitling him to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990).

[2] Some of this information is more readily apparent from two other lawsuits that Plaintiff has filed in this District – Esmailzadeh v. Esmailzadeh et al., No. 3:91cv142 and Esmailzadeh v. U.S.I.N.S. et al., No. 00-17 (PAM/JGL).

curiam)), Plaintiff's Complaint is inadequate. His pleading is fatally defective in at least two respects.

First, the Complaint does not comply with Fed. R. Civ. P. 9(b), which requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." (Emphasis added.) "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." Commercial Property Investments, Inc. v. Quality Inns International, Inc., 61 F.3d 639, 644 (8th Cir. 1995). To state an actionable fraud claim, a complaint must describe specific events, including when and where such events occurred. Id. The complaint must explain the Defendant's allegedly wrongful acts "with particularity;" again, broad allegations of fraud will not suffice. Plaintiff's current pleading does not come close to satisfying the requirements of Rule 9(b), because it does not include any factual allegations describing any specific fraudulent acts committed by Defendant. Thus, the Complaint fails to state a cause of action on which relief can be granted.

Second, Plaintiff's Complaint does not identify any grounds that would bring this case within the subject matter jurisdiction of a federal district court. Therefore, the Complaint does not comply with Fed. R. Civ. P. 8(a), which requires that "a pleading which sets forth a claim for relief... shall contain... a short and plain statement of the grounds upon which the court's jurisdiction depends."

Federal district courts have subject matter jurisdiction only in cases arising under federal law, or where there is diversity or alienage of citizenship between plaintiffs

and defendants. See 28 U.S.C. §§ 1331 and 1332.[3] The instant Complaint does not identify any claim based on federal law. (Plaintiff's fraud claim is a cause of action based on state tort law -- not federal law.) Nor does the Complaint include any allegations showing that subject matter jurisdiction exists based on diversity or alienage of citizenship. The Complaint clearly indicates that both Plaintiff and Defendant are natives of Iran, and there are no factual allegations showing that either of them has acquired U.S. citizenship. It is well-settled, however, that one foreign citizen cannot sue another foreign citizen in a U.S. district court. Hodgson v. Bowerbank, 9 U.S. 303 (1809); Arai v. Tachibana, 778 F.Supp. 1535, 1540-41 (D.Haw. 1991). See also 15 Moore's Federal Practice, (1999), § 102.77 ("diversity jurisdiction does not encompass suits by foreign plaintiffs against foreign defendants"). Because there is no indication that either of the parties in this case is a U.S. citizen, subject matter jurisdiction cannot be predicated on diversity or alienage of citizenship. Thus, the Complaint does not demonstrate the existence of any grounds for subject matter jurisdiction, as required by Fed. R. Civ. P. 8(a).

For both of the reasons discussed above, the Court concludes that Plaintiff has failed to state any claim for relief that can properly be entertained in federal court. It is therefore recommended that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[3] Diversity jurisdiction exists where the amount in controversy exceeds $75,000, and the action is between "citizens of different States." 28 U.S.C. § 1332(a)(1). Alienage jurisdiction is a variant form of diversity jurisdiction, which exists where the amount in controversy exceeds $75,000, and the action is between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. The action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: January 24, 2000

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before February 8, 2000, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

For Immediate Release
January 3, 2000

# PRESS RELEASE

UNITED STATES DISTRICT COURT

Contact: Francis E. Dosal, Clerk
(651) 848-1100

## FEDERAL COURT ADOPTS AMENDMENTS TO LOCAL PRACTICE RULES

The U.S. District Court for the District of Minnesota announces the adoption of several amendments to its local rules of practice. The changes were recommended by the Court's Local Rules Committee chaired by Minneapolis Attorney Cliff Greene of the law firm Greene Espel.

As required by federal statute, the proposed revisions were posted for public review and comment in late 1999. Following consideration of the comments received, the proposed rules were adopted unanimously by the Court to be effective January 3, 2000. The proposed amendments are as follows:

- **LR 5.1**
  Amendments to LR 5.1 and LR 5.2 regarding filing procedures.

- **LR 7.1(b)(2)**
  A new advisory committee's note regarding evidentiary materials submitted with reply briefs.

- **LR 16.1**
  Amendments in response to the requirements of the Alternative Dispute Resolution Act of 1998.

- **LR 83.13**
  New rule regarding the discipline of court appointees.

The amendments to the Local Rules may be obtained in the Office of the Clerk of Court in either St. Paul, Minneapolis or Duluth; by contacting the Clerk of Court at the address below; or online through the Update Service of Westlaw.

Francis E. Dosal, Clerk
U.S. District Court
708 Federal Building
316 North Robert Street
St. Paul, MN 55101
651-848-1100